NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0430n.06

Case No. 18-6320

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Aug 19, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| ANTONIO M. PORTER, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MOORE, COOK, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. The police found guns while looking for drugs in Antonio Porter's home. Charged with being a felon in possession of a firearm, Porter argued that the search violated the Fourth Amendment. The district court disagreed. We affirm.

In the early morning hours, three police officers visited Antonio Porter's residence to execute an arrest warrant for aggravated assault and vandalism. They approached the double-wide mobile home from several sides. When they knocked, a woman answered the door, and, for the first time, the officers smelled the telltale odor of marijuana emanating from the home. Upon request, Porter came out onto the front porch, and the officers arrested him pursuant to the outstanding warrant. While talking with an officer after his arrest, Porter admitted that he had smoked marijuana the night before and that there might still be a "blunt" in the residence. But

when the officers requested permission to search the residence, Porter said they could only search portions of the residence, not all of it. The officers declined his invitation for a partial search and sought a search warrant.

While one officer pursued the warrant, two others "secure[d] the home[.]" R. 42, Pg. ID 378. What this meant was watching the occupants (Porter's girlfriend and five children) while they prepared to exit the residence. The officers did not explore the home or visit every room. Nor did they open any drawers or cabinets. They saw no contraband. Eventually, the search warrant arrived, and the officers searched the home. They found two burnt marijuana cigarettes, a scale, two guns, and ammunition.

The government charged Porter with being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Porter moved to suppress the evidence. The district court denied the motion, and Porter was convicted. Now, he challenges the denial of his suppression motion.

Porter argues that (1) the officers' warrantless entries into his home to secure it were unlawful, (2) the warrant affidavit deliberately omitted the material fact that the officers saw no contraband when they secured the home, and (3) the affidavit fails on its face to show probable cause. For the sake of argument, we can grant Porter points one and two and ask only whether the final, warrant-supported search was an independent source of the evidence free of any illegal taint. *See Murray v. United States*, 487 U.S. 533, 537–38 (1988). Granting point one means that we redact any supporting information derived from the warrantless entries, then assess whether the affidavit still shows probable cause. *See United States v. Jenkins*, 396 F.3d 751, 758–60 (6th Cir. 2005). Granting point two means that we add in the facts that Porter says should have been included, then ask the same question. *See United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997).

The affidavit shows probable cause with or without these edits. While arresting Porter on the front porch of his free-standing home in a residential neighborhood in the very early morning, three officers smelled a strong odor coming from within the home and recognized it as the distinctive fragrance of marijuana, which is not permitted for medical or recreational use in Tennessee. This total set of circumstances established at least a fair probability that the home contained evidence of a crime. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see also Johnson v. United States*, 333 U.S. 10, 13 (1948); *United States v. Foster*, 376 F.3d 577, 588 (6th Cir. 2004). That the two officers who secured the home saw no contraband does not change the probable-cause calculus. They were not looking for contraband, so it is unsurprising that they did not find any. And that contraband was not in plain sight does not suggest that it was not hidden in the home. *Cf. United States v. Bowling*, 900 F.2d 926, 934 (6th Cir. 1990) (concluding that a prior, limited search that did not reveal any contraband did not "dissipate" preexisting probable cause or "imply bad faith" in the execution of a search warrant).

We affirm.